1  JESSE J. BYRD
   CAREEM CONLEY
2  *Pro Se*
   1305 Bowdoin Street
3  San Francisco, CA 94134
4  (415) 239-6340 (Byrd)
   (415)368-3622 (Conley)
5

   MALIK BRITT
6  RASHAD CONLEY
   *Pro Se*
7  2913 Camrose Ave.
   Fairfield, CA 94533
8  (707) 419-5083
9
   ANDREW ARMSTRONG
10 PRO SE

11
                    **UNITED STATES DISTRICT COURT**
12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                                           )
   JESSE J. BYRD, MALIK BRITT, CAREEM        )
14 CONLEY, and RASHAD CONLEY,                )
   ANDREW ARMSTRONG    CV 11        1742
15              Plaintiffs,                  )
                                             )   CASE NO.:
16        vs.                                )   COMPLAINT FOR DAMAGES FOR
                                             )   VIOLATION OF CIVIL RIGHTS
17 THE CITY AND COUNTY OF SAN                )   (42 U.S.C. Section 1983)
18 FRANCISCO; SAN FRANCISCO POLICE           )
   DEPARTMENT; DOES NO. 1-20 (SFPD           )
19 OFFICERS),                                )   JURY TRIAL DEMANDED
                                             )
20              Defendants.                  )
                                             )
21                                           )
                                             )
22                                           )
                                             )
23 _____)

24
25
26
27

**BYRD, ET AL. v. CITY & COUNTY OF SAN FRANCISCO, ET AL.,**
**Complaint for damages for violation of civil rights.**            Page 1 of 8

## INTRODUCTION

1. This case arises from a police action on April 12, 2009, Easter Sunday, in which over a dozen law enforcement personnel ("officers") stormed the yard, porch, and home of 19-year San Francisco Police Department veteran Jesse Byrd and his wife, Eva Byrd. In an egregious case of mistaken identity, the officers handcuffed, beat, and injured the Byrds' grandsons, Malik Britt, Careem Conley, and Rashad Conley, all in the presence of their extended family. Plaintiffs all suffered violations of their civil rights pursuant to 42 U.S.C. Section 1983 and sue for damages there under.

## JURISDICTION AND VENUE

2. Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. Section 1983. This court has jurisdiction over such claims pursuant to 28 U.S.C. Sections 1331 and 1343.

3. The acts and omissions giving rise to Plaintiffs' claims occurred in San Francisco, California, and therefore the appropriate venue for this action is the United States District Court for the Northern District of California, San Francisco Division. 28 U.S.C. § 1391(b).

## IDENTIFICATION OF PARTIES

4. Plaintiff JESSE J. BYRD, age 72, is and was at all relevant times a resident of 1305 Bowdoin Street, San Francisco, California. Mr. Byrd is the grandfather of Plaintiffs Malik Britt, Careem Conley, and Rashad Conley. Mr. Byrd is retired from the San Francisco Police Department, where he served as a patrolman for 19 years, from 1961 to 1980.

5. Plaintiff MALIK BRITT, age 18, is a resident of 2913 Camrose Ave., Fairfield, California. Mr. Britt is a grandson of Plaintiff Jesse Byrd and the youngest brother of Plaintiffs Rashad Conley and Careem Conley. At all times relevant on April 12, 2009, Mr. Britt was present at 1305 Bowdoin Street, San Francisco, California.

6. Plaintiff CAREEM CONLEY, age 23, is and was at all relevant times a resident of 1305 Bowdoin Street, San Francisco, CA. Mr. Careem Conley is a grandson of Plaintiff Jesse Byrd, and the brother of Plaintiffs Malik Britt and Rashad Conley.

7. Plaintiff RASHAD CONLEY, age 27, is a resident of Fairfield, California. Mr. Conley is a grandson of Plaintiff Jesse Byrd, and the eldest brother of Plaintiffs Malik Britt and Careem Conley. At all times relevant on April 12, 2009, Mr. Rashad Conley was present at 1305 Bowdoin Street, San Francisco, California.

8. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CITY") is both a municipal corporation and county duly organized and existing under the laws of the State of California, and was at all relevant times the public employer of all individual defendants.

9. Defendant SAN FRANCISCO POLICE DEPARTMENT is the public entity that directly employed law enforcement personnel, Defendants DOES 1 through 20, and was responsible for their hiring, training, and supervision.

10. Plaintiffs are unaware of the true names of those persons sued herein as DOES 1 through 20 and therefore sue these defendants by such fictitious names. On information and belief, these defendants are law enforcement personnel employed by the City and/or County of San Francisco, acting within the scope and course of their official duties, and were each responsible by their acts and/or omissions for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs shall amend their Complaint to state the true names and capacities of DOES 1-20, inclusive, when they have been ascertained. DOES are sued in both their individual and official capacities.

11. All Defendants acted under color of law in committing the acts complained of herein. In engaging in the conduct described herein, Defendant Does 1-20 exceeded the authority vested in them as police officers under the United States and California Constitutions.

12. Plaintiffs demand a jury trial.

## STATEMENT OF FACTS

13. On April 12, 2009, Easter Sunday, Plaintiffs and other family members were gathered to celebrate Easter Dinner at 1305 Bowdoin Avenue, San Francisco, home of Plaintiff Jesse Byrd and his wife, Eva Byrd.

14. Without warning, a swarm of San Francisco Police Department vehicles appeared.

15. Approximately eight to ten law enforcement officers jumped out of their vehicles and jumped a tall fence that surrounded Mr. Byrd's home. The officers crossed the back yard and came onto the back porch of Mr. Byrd's home.

16. On information and belief, the police officers came to 1305 Bowdoin Avenue in an attempt to check on a parolee who they believed was staying at a home *near* the Byrd residence.

17. On information and belief, the officers came to 1305 Bowdoin Avenue by mistake. On information and belief, the officers had no search or arrest warrant for the Byrd residence or anyone present at the Byrd residence.

18. While most of the family was inside the house, then-16-year-old Plaintiff Malik Britt sat outside with his dog. The officers surrounded Mr. Britt with their guns drawn, yelling obscenities while telling him to put his hands up. Mr. Britt was unarmed and did not resist or threaten the officers in any way.

19. The officers handcuffed Mr. Britt. While handcuffing Mr. Britt, the officers were unnecessarily aggressive, striking the unarmed, 16-year-old Mr. Britt repeatedly with batons both before and after he was handcuffed.

20. Hearing the commotion, Plaintiff Careem Conley came out to see what was going on.

21. Mr. Careem Conley saw his younger brother, Mr. Britt, surrounded by police officers with guns pointed.

22. Mr. Careem Conley asked what was going on and asked the officers not to handle his younger brother so roughly. One of the law enforcement personnel responded by telling Mr. Careem Conley to "shut the fuck up."

23. The officers then attacked Mr. Careem Conley with batons and beat him severely in his ribs and head, causing him to bleed and to black out.

24. Mr. Careem Conley was unarmed and did not resist or threaten the officers in any way. The injury to Mr. Careem Conley's head required four surgical staples to repair.

25. Plaintiff Rashad Conley also came outside and saw his youngest brother, Malik Britt, handcuffed and being struck by the officers. He also witnessed his brother, Careem Conley, being beaten and severely injured by the officers.

26. Mr. Rashad Conley fell on top of his younger brother, Mr. Britt, to protect him from the beating.

27. Law enforcement personnel then struck Mr. Rashad Conley repeatedly in the ribs.

28. Mr. Rashad Conley was unarmed and did not resist or threaten the officers in any way.

29. The officers led Mr. Britt and Mr. Careem Conley, who were both handcuffed, through Mr. Byrd's house to get to the front yard.

30. Two officers also followed Mr. Rashad Conley up the stairs into Mr. Byrd's house.

31. When the officers entered Mr. Byrd's home, they did not have a warrant and they did not have permission to enter the house. At the time the offices entered Mr. Bryd's home, no member of the Bryd family was under arrest and no exigent circumstances existed giving the officers the privilege of entering the house.

32. At no point during this incident were any of the Plaintiffs armed or posed a threat to any of the Defendants or any other person.

33. The officers' trespass onto Mr. Byrd's property, including Mr. Byrd's back yard, which was blocked off by a tall fence, Mr. Byrd's back porch, and the inside of Mr. Byrd's home, constituted an unreasonable search.

34. The handcuffing and search of Plaintiffs Careem Conley, Malik Britt, and Rashad Conley, AND ANDREW ARMSTRONG constituted unreasonable searches and seizures.

35. The injuries to Plaintiffs Careem Conley, Malik Britt, and Rashad Conley were a result of the officers' lack of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force.

36. Defendant Does negligently, intentionally, recklessly, and with a willful and conscious disregard of the rights or safety of others, beat Plaintiffs Malik Britt, Careem Conley, and Rashad Conley, causing physical injury. The beating of Plaintiffs Careem Conley, Malik Britt, and

Rashad Conley described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting in damages.

37. The conduct of Defendant Does was malicious, wanton, and oppressive, thus entitling Plaintiffs an award of punitive damages against them.

38. The City and Supervisory Doe Defendants failed to adequately train Doe Defendant Officers, resulting in the above violations.

39. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered the injuries and damages enumerated below.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983: UNREASONABLE SEARCH AND SEIZURE
### (All Plaintiffs against Does 1-20, inclusive)

40. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 39, above, as if set forth fully below.

41. Defendant Officers' (DOES 1-20), employed at all relevant times by Defendant San Francisco Police Department, heavily-armed and unlawful raid onto Mr. Byrd's property, including Mr. Byrd's back yard blocked off by a tall fence, Mr. Byrd's back porch, and the inside of Mr. Byrd's home, without a search or arrest warrant, was unreasonable under the prevailing circumstances and thus violated Plaintiff Jesse Byrd's rights under the Fourth Amendment to be free from unreasonable search.

42. Defendant Officers' beating, handcuffing, search, and detention of Plaintiffs Malik Britt, Andrew Armstrong, Careem Conley, and Rashad Conley was unreasonable under the prevailing circumstances, and thus violated Plaintiffs' rights under the Fourth Amendment to be free from unreasonable search and seizure.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983: UNREASONABLE SEARCH AND SEIZURE
### (All Plaintiffs against the City and County of San Francisco and the San Francisco Police Department)

43. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 42, above, as if set forth fully below.

44. Defendant Officers' (DOES 1-20), employed at all relevant times by Defendant San Francisco Police Department, heavily-armed and unlawful raid onto Mr. Byrd's property, including Mr. Byrd's back yard, blocked off by a tall fence, Mr. Byrd's back porch, and the inside of Mr. Byrd's home, without a search or arrest warrant, was unreasonable under the prevailing circumstances and thus violated Plaintiff Jesse Byrd's rights under the Fourth Amendment to be free from unreasonable search.

45. Defendant Officers' beating, handcuffing, search, and detention of Plaintiffs Malik Britt, ANDREW ARMSTRONG, Careem Conley, and Rashad Conley was unreasonable under the prevailing circumstances, and thus violated Plaintiffs' rights under the Fourth Amendment to be free from unreasonable search and seizure.

46. The acts and/or omissions of Defendants as alleged herein were ratified by the final decision makers of Defendant San Francisco Police Department.

## THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983: EXCESSIVE FORCE
**(Plaintiffs Malik Britt, Careem Conley, and Rashad Conley against Does 1-20, inclusive)**
ANDREW ARMSTRONG

47. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 46, above, as if set forth fully below.

48. Defendant Officers' (DOES 1-20), employed at all relevant times by Defendant San Francisco Police Department, beating of Plaintiffs Malik Britt, Careem Conley, and Rashad Conley was unreasonable under the prevailing circumstances, and thus violated Plaintiffs' rights under the Fourth Amendment to be free from excessive and unreasonable force.

## FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983: EXCESSIVE FORCE
**(Plaintiffs Malik Britt, Careem Conley, and Rashad Conley against the City and County of San Francisco and the San Francisco Police Department)**

49. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 48, above, as if set forth fully below.

50. Defendant Officers' (DOES 1-20), employed at all relevant times by Defendant San Francisco Police Department, beating of Plaintiffs Malik Britt, Careem Conley, and Rashad

1  Conley was unreasonable under the prevailing circumstances, and thus violated Plaintiffs' rights
2  under the Fourth Amendment to be free from excessive and unreasonable force.
3  51.   The acts and/or omissions of Defendant officers as alleged herein were ratified by the
4  final decision makers of Defendant San Francisco Police Department.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages against each Defendant officer (Does 1-20), according to proof;
4. For costs of suit and reasonable attorneys' fees pursuant to statute; and
5. For all other relief to which they may be legally entitled.

Dated: March 30, 2011

By: _____
Jesse J. Byrd
*Pro Se*

_____
Malik Britt
*Pro Se*

_____
Careem Conley
*Pro Se*

_____
Rashad Conley
*Pro Se*

_____
ANDREW ARMSTRONG
PRO SE

**BYRD, ET AL. v. CITY & COUNTY OF SAN FRANCISCO, ET AL.,**
Complaint for damages for violation of civil rights.                                        Page 8 of 8