DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
BRADLEY A. RUSSI, State Bar #256993
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3964
Facsimile:    (415) 554-3837
E-Mail:       brad.russi@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE J. BYRD, MALIK BRITT, CAREEM CONLEY, RASHAD CONLEY, and ANDREW ARMSTRONG,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT, DOES NO. 1-20, inclusive.<br><br>    Defendants. | Case No. C11-1742 DMR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER AS MODIFIED** |
| THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Counter-Claimants,<br><br>vs.<br><br>MALIK BRITT, CAREEM CONLEY, and RASHAD CONLEY, ROES NO. 1-20, inclusive.<br><br>    Counter-Defendants. | |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1.  CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production.  In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION.  Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2.  Each party that designates information Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

3. The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or otherwise disclosed by Plaintiff's Counsel (or authorized persons described in Section 8) to other persons except as specifically provided herein.

4. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The burden or persuasion in any such challenge shall be on the Designating Party. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

5. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

6. Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of Section 13, below.

7. All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

8. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

a. Plaintiff's Counsel (as well as their support staff);

b. Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply

with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall serve that document on Defendants' counsel upon its execution; however, Plaintiff's counsel shall not be required to serve any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

    c.    Professional vendors: persons or entities that provide litigation support services (e.g., court reporters, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

    d.    the Court and its personnel.

    e.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who has signed the Agreement to Comply.

    f.    Plaintiff; however, Plaintiff's counsel may not provide originals or copies of the CONFIDENTIAL INFORMATION to Plaintiff for his own retention during the course of this litigation, but may show documents containing CONFIDENTIAL INFORMATION to Plaintiff. Plaintiff is bound by this Protective Order to the same extent as Plaintiff's counsel, and may not exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION to any individual other than Plaintiff's counsel and those experts, investigators or consultants retained by Plaintiff's Counsel who have agreed to be bound by this Protective Order and executed the document attached as Exhibit A.

    9.    Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California General Order No. 62 and Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

"This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

<u>This Stipulated Protective Order does not entitle the parties to file CONFIDENTIAL INFORMATION under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  CONFIDENTIAL INFORMATION may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL INFORMATION at issue.</u>

10.     If any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during pretrial proceedings, such person shall meet and confer with counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.

11.     Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" that portion of any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

12.     If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

13.     Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

14.     All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, investigators, etc.) will be returned to the San Francisco

City Attorney's Office or destroyed at the termination of this litigation, through final judgment, appeal, or by whatever means resolved. On final disposition of this case, plaintiff's counsel, and all other persons subject to this Order (including experts, consultants, and investigators), shall within 30 days after the final disposition of this case, without request or further order of this Court, destroy or return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter.Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

15. Should plaintiff fail to comply with this PROTECTIVE ORDER, defendants may seek a Court order holding plaintiff and plaintiff's counsel liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court. Plaintiff and plaintiff's counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

IT IS SO STIPULATED.

Dated:   2/4/12

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Deputy
    BRADLEY A. RUSSI
    Deputy City Attorney


    By:      /s/
         BRADLEY A. RUSSI

    Attorneys for Defendant
    CITY & COUNTY OF SAN FRANCISCO

Dated: __2/8/12_____

By:_____/s/_____

Attorneys for Plaintiffs
JESSE J. BYRD, MALIK BRITT, RASHAD CONLEY, and ANDREW ARMSTRONG

*Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

**ORDER**

Pursuant to this stipulation, IT IS SO ORDERED AS MODIFIED.

Dated: February 13, 2012

_____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

*IT IS SO ORDERED AS MODIFIED*
Judge Donna M. Ryu

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE**

**ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION, except in connection with prosecuting, defending or attempting to settle this litigation.

4. I agree to destroy or return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiff, Plaintiff's Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____
DATE

_____
SIGNATURE

_____
PRINT NAME