1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
3 | JAMES F. HANNAWALT, State Bar #139657
BRADLEY A. RUSSI, State Bar #256993
4 | Deputy City Attorneys
Fox Plaza
5 | 1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
6 | Telephone:  (415) 554-3964
Facsimile:  (415) 554-3837
7 | E-Mail:  brad.russi@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE J. BYRD, MALIK BRITT, RASHAD CONLEY, and ANDREW EMIL ARMSTRONG,<br><br>  Plaintiffs,<br><br>  vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; ROSELO PASCUA; ALEX RODATOS; KELVIN SANDERS; JONATHON CATLETT; RICHARD SOARES; WILLIAM ESCOBAR; and DOES NO. 1-20, inclusive.<br><br>  Defendants. | Case No. C11-1742 DMR<br><br>**DEFENDANTS' MOTIONS IN LIMINE**<br><br>Hearing Date:  February 27, 2013<br>Time:  3:00 p.m.<br>Place:  1301 Clay Street<br>  Oakland, CA<br><br>Trial Date:  March 11, 2013 |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Wednesday, February 27, 2013, at 3:00 p.m. or as soon thereafter as this matter may be heard, before the Honorable Donna M. Ryu, United States District Court, 1301 Clay Street, Courtroom 4, 3rd Floor, Oakland, California, Defendant City and County of San Francisco et al. will make the following motions in limine.

Defendants base their motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Bradley A. Russi, the pleadings and records on file in this case, and on such oral argument as may be presented at the hearing of this motion.

Dated: February 8, 2013

> DENNIS J. HERRERA
> City Attorney
> CHERYL ADAMS
> Chief Trial Attorney
> BRADLEY A. RUSSI
> JAMES F. HANNAWALT
> Deputy City Attorneys
>
> By: */s/ Bradley A. Russi*
>   BRADLEY A. RUSSI
>
>   Attorneys for Defendants
>   CITY AND COUNTY OF SAN FRANCISCO, ET AL.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

 I. DEFENDANTS MOTION IN LIMINE NO. 1 TO EXCLUDE WITNESSES AND EVIDENCE THAT THE DISTRICT ATTORNEY ELECTED NOT TO PURSUE CHARGES AGAINST PLAINTIFF MALIK BRITT. ..........................1

 II. MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE THAT CAREEM CONLEY WAS HIT ON THE HEAD AND SUFFERED INJURY. .....................1

 III. MOTION IN LIMINE NO. 3 TO PRECLUDE HEARSAY STATEMENTS OF UNKNOWN OFFICERS REGARDING THE POLICE GOING TO "THE WRONG HOUSE." ...............................................................................................3

 IV. MOTION IN LIMINE NO. 4 TO EXCLUDE ANY EVIDENCE OR ARGUMENT RELATED TO DISMISSED CLAIMS. .........................................3

  A. Equal Protection Claim. ...........................................................................3

  B. Andrew Armstrong's Claim. .....................................................................4

  C. Byrd's Claim That Officers Unlawfully Went Into His Home. ....................4

 V. MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING INVESTIGATION OF THIS OR OTHER COMPLAINTS AGAINST THE OFFICERS AND ALLEGATIONS OF MISCONDUCT AGAINST THE NAMED OFFICERS OR POLICE OFFICERS GENERALLY..5

  A. The Court Should Exclude Evidence Of Any OCC Complaints, Investigations, and Findings Relating to the Incident in this Case. ..............5

  B. The Court Should Exclude Evidence of Unrelated Incidents or Disciplinary Actions Against the Officers. .................................................6

  C. Evidence Of Other Unrelated But Well-Known Incidents Of Alleged Police Misconduct Should Also Be Excluded. ............................................6

 VI. MOTION IN LIMINE NO. 6 TO EXCLUDE (1) EXPERT TESTIMONY IN SUPPORT OF PLAINTIFF'S CASE, (2) LAY TESTIMONY REGARDING ANY PRESENT COMPLAINT OF PAIN RELATING TO THE ALLEGED INJURIES, (3) MEDICAL RECORDS, AND (4) ANY CLAIM FOR SPECIAL DAMAGES. .............................................................................................7

  A. Background ..............................................................................................7

  B. The Court Should Exclude Any Expert Testimony In Support of Plaintiffs' Case. .......................................................................................8

  C. Plaintiffs May Not Elicit Testimony on Diagnosis, Causation, and Prognosis of Any Injuries Because They Failed to Disclose Any Experts..8

  D. Plaintiffs Medical Records Should Be Excluded. .......................................9

  E. The Court Should Limit Plaintiffs' Damages Claims to General Damages From the Day of the Incident. ...................................................10

# TABLE OF AUTHORITIES

**State Cases**

*Clear v. Burlington North R. Co.*
  29 F.3d 499 (9th Cir. 1994)…………………………………………………………………9

**Federal Cases**

*Bemuregard v. Wingard*
  362 F.2d 901 (9th Cir. 1965) ...................................................................................................1

*Clear v. Burlington Northern R. Co.*
  29 F.3d 499 (9th Cir. 1994) ....................................................................................................9

*Freeman v. City of Santa Ana*
  68 F.3d 1180 (9th Cir. 1995) ..................................................................................................1

*Heath v. Cast*
  813 F.2d 254 (9th Cir. 1987) ..................................................................................................1

*J.W. v. City of Oxnard*
  Case No. 07-cv-06191, 2008 WL 4810298 (C.D. Cal. Oct. 27, 2008)........................................1

*Johnson v. Contra Costa County*
  No. C96-4453 FMS, 1998 WL 320824, (N.D. Cal. June 16, 1998) ............................................1

*Kennedy v. Southern California Edison Co.*
  268 F.3d 763 (9th Cir. 2001) ..................................................................................................9

*Maddox v. City of Los Angeles*
  792 F.2d 1408 (9th Cir. 1986) ................................................................................................5

*Michigan v. DeFillippo*
  443 U.S. 31 (1979).................................................................................................................1

*Monell v. City of New York Department of Social Services*
  *436 U.S. 658 (1978)* ..............................................................................................................6

*Segura v. City of Reno*
  116 F.R.D. 42 (D.Nev. 1987) .................................................................................................6

**Federal Statutes**

Federal Rules of Civil Procedure
  Rule 26....................................................................................................................................7

Federal Rules of Civil Procedure
  Rule 26(a)(2)...........................................................................................................................8

Federal Rules of Evidence
  Rule 401 ..............................................................................................................................2, 4

Federal Rules of Evidence
    Rule 402 ............................................................................................................................5

Federal Rules of Evidence
    Rule 403 ....................................................................................................................2, 4, 5

Federal Rules of Evidence
    Rule 407 ............................................................................................................................5

Federal Rules of Evidence
    Rule 702 ............................................................................................................................8

Federal Rules of Evidence
    Rule 703 ............................................................................................................................8

Federal Rules of Evidence
    Rule 705 ............................................................................................................................8

Federal Rules of Evidence
    Rule 801 .......................................................................................................................3, 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. DEFENDANTS MOTION IN LIMINE NO. 1 TO EXCLUDE WITNESSES AND EVIDENCE THAT THE DISTRICT ATTORNEY ELECTED NOT TO PURSUE CHARGES AGAINST PLAINTIFF MALIK BRITT.

San Francisco Police Officer Alex Rodatos arrested plaintiff Malik Britt for resisting arrest. The officers cited Plaintiff for that crime. Britt was a juvenile at the time, and his juvenile criminal record is private. According to Plaintiffs, the District Attorney elected not to pursue the criminal charges.

The disposition of the criminal charges against Plaintiff is irrelevant to the validity of his arrest. *See Heath v. Cast*, 813 F.2d 254, 260 (9th Cir. 1987) ("The dismissal did not establish Heath's innocence nor was it probative of whether the officers acted with probable cause or used excessive force in effecting Heath's arrest."). An arrest supported by probable cause is valid even if charges are dropped. *See, e.g.*, *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Bemuregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1965); *Johnson v. Contra Costa County*, No. C96-4453 FMS, 1998 WL 320824, at *2 (N.D. Cal. June 16, 1998). The decision of a prosecutor not to pursue criminal charges is highly discretionary, and is frequently based on concerns completely unrelated to whether there was probable cause to arrest the criminal defendant. *J.W. v. City of Oxnard*, Case No. 07-cv-06191, 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008). That decision has no probative value. *Id.* Thus, the Court should preclude Plaintiffs from mentioning that the District Attorney elected not to pursue charges against Britt.

Evidence of the disposition of Plaintiff's criminal charges is not only irrelevant but unduly prejudicial. The jury could easily be misled into believing that the District Attorney's decision should sway their decision. Thus, the Court should bar all evidence, argument, and insinuation that the District Attorney elected not to pursue criminal charges against Plaintiff.

## II. MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE THAT CAREEM CONLEY WAS HIT ON THE HEAD AND SUFFERED INJURY.

During the incident, Careem Conley was inadvertently struck on the head with a baton and suffered injury. A photograph of that injury has been produced in discovery. Careem Conley is not a plaintiff in this action. That Careem Conley was struck in the head with a baton and was injured is not

relevant to the issues the jury will be asked to decide. Testimony and evidence regarding any injury to Careem Conley would be highly prejudicial to Defendants, would invite jury confusion, and would cause undue delay and waste of time. Thus, evidence that Careem Conley was struck on the head with a baton and evidence regarding the injury he suffered should be excluded under Rules 401 and 403 of the Federal Rules of Evidence.

During the altercation between the police, Careem Conley, and Plaintiffs Malik Britt and Rashad Conley, Careem Conley was inadvertently struck on the head with a baton, after he punched Officer Rodatos in the face and resisted the officers attempting to detain him. Defendant Officer Jonathon Catlett was attempting to strike Careem Conley on his upper arm, but Careem Conley ducked and the baton ended up hitting Conley on the top of the head. A photograph has been produced in discovery depicting Careem Conley bleeding from the head.

Careem Conley is not a plaintiff in this action. The Court dismissed his claims sua sponte, because he failed to participate in the proceedings. As a result, Defendants did no discovery regarding Conley's injuries.

Only relevant evidence is admissible. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Evidence that Careem Conley was struck on the head should be excluded under Rules 401 and 403, because it is simply not relevant to any issue, and to the extent it is, any probative value about the fact that Careem Conley was struck on the head is outweighed by its prejudicial impact to Defendants. The evidence will invite the jury to find liability based on something that happened to someone who is not a plaintiff in this case. Additionally, it will unduly delay the proceeding, because it will require Defendants to present evidence justifying actions that are not even a basis for Plaintiffs' claims.

The only reason that Plaintiffs could have to introduce evidence of injury to Careem Conley is to inflame the jury and attempt to use an injury that occurred to a non-plaintiff to argue that it is more

likely their claims are true. This is improper. Plaintiffs can elicit testimony that Careem Conley was struck with a baton, but not that he was hit on the head or suffered injury.

Evidence that Careem Conley was struck on the head and suffered injury should be excluded.[1]

### III. MOTION IN LIMINE NO. 3 TO PRECLUDE HEARSAY STATEMENTS OF UNKNOWN OFFICERS REGARDING THE POLICE GOING TO "THE WRONG HOUSE."

Plaintiffs may seek to introduce hearsay statements from unknown police officers after the incident that the officers were "at the wrong house." Because these statements are hearsay for which there is no exception, they should be excluded.

Certain witnesses, such as Rene Byrd-Davis, testified at deposition that after the incident ended, they were speaking to unknown police officers on the street in front of the house and someone stated that the police had gone to the wrong house. (Byrd-Davis Dep. 70:23-71:11). These out of court statements are hearsay and there is no exception to the hearsay bar. Fed. R. Evid. 801. As a result, Plaintiffs should be precluded from introducing statements of unknown SFPD employees that the officers were "at the wrong house."

### IV. MOTION IN LIMINE NO. 4 TO EXCLUDE ANY EVIDENCE OR ARGUMENT RELATED TO DISMISSED CLAIMS.

Plaintiffs may attempt to introduce evidence or argument related to claims that are no longer at issue in this case. Because this evidence is irrelevant and highly prejudicial, Plaintiffs should be ordered not to introduce such evidence or argument, and Plaintiffs' witnesses should be admonished not to testify regarding these issues.

#### A. Equal Protection Claim.

Plaintiffs initially asserted a claim that the Defendant officers discriminated against them on account of race in violation of their right to equal protection. At their depositions, Plaintiffs were unable to point to any evidence, other than their own speculation, that the actions of Defendants were motivated by race. The Court granted summary judgment on this claim.

---

[1] Similarly, Rene Byrd-Davis testified that she scratched her arm on a metal gate when officers forced her and other family members back into the house. (Declaration of Bradley Russi, Exh. C (Byrd-Davis Deposition) 57:21-58:6). Evidence of injury to Ms. Byrd-Davis should be excluded for the same reasons that evidence of Careem Conley's injury should be excluded.

Defendants' MIL    3    n:\lit\li2011\111408\00826395.doc
Byrd, et al. v. CCSF, et al.; C11-1742 DMR

Plaintiffs should be precluded from arguing or presenting testimony or evidence that Defendants' actions were motivated by racial animus or otherwise occurred as a result of race. Any such argument or evidence is irrelevant, because their equal protection claim is no longer at issue. Moreover, such evidence or argument would be prejudicial and based solely on speculation. Plaintiffs had the opportunity to pursue this claim. They could not oppose summary judgment, and the claim is no longer in the case. Thus, any such evidence or argument that the events underlying this case occurred because of Plaintiffs' race should be excluded under Rules 401 and 403.

### B. Andrew Armstrong's Claim.

All evidence of Andrew Armstrong's detention should be excluded. Summary judgment was granted on this claim. Plaintiff Byrd and witness Sheree Brenes testified that they witnessed this detention. These witnesses should be ordered not to mention that Andrew Armstrong was detained or mention anything about the interaction that Byrd or Brenes claim they had with officers during that detention.

### C. Byrd's Claim That Officers Unlawfully Went Into His Home.

Byrd, Rashad Conley, or other witnesses, such as Mia Byrd, Rene Byrd-Davis, or Sheree Brenes, may testify that it was improper for officers to enter the Byrd home after the arrests of Britt and Careem Conley. The Court granted summary judgment on that portion of Byrd's claim, because the officers had the consent of Rene Byrd-Davis to enter the house and there was no other way for them to extricate the arrestees from the rear of the home. Therefore, no testimony or argument should be allowed on this issue. Similarly, witnesses including Rashad Conley testified at deposition that unknown police officers followed Rashad Conley to the second floor of the home. That claim was abandoned at summary judgment.

Witnesses should be admonished not to testify about how Britt and Careem Conley were extricated from the rear of the house or that officers entered the house for any reason.

## V. MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING INVESTIGATION OF THIS OR OTHER COMPLAINTS AGAINST THE OFFICERS AND ALLEGATIONS OF MISCONDUCT AGAINST THE NAMED OFFICERS OR POLICE OFFICERS GENERALLY.

Plaintiffs have agreed not to present evidence of the disciplinary history of the officers (to the extent any exists) (*See* Jt. Pretrial Statement). Out of an abundance of caution, Defendants seek to an order precluding Plaintiffs from questioning officers or presenting any evidence or argument regarding other unrelated incidents involving Defendants and any well-known incidents of alleged police misconduct.

### A. The Court Should Exclude Evidence Of Any OCC Complaints, Investigations, and Findings Relating to the Incident in this Case.

The Office of Citizen Complaints ("OCC") investigates citizen complaints of misconduct against police officers and may recommend discipline. In this case, Plaintiffs filed a complaint with OCC, and OCC did not sustain any of the charges against Defendants. Defendants have not produced information from the OCC investigation (other than recorded interviews) and have not produced information regarding other unrelated OCC complaints against the defendant officers (to the extent any exist). Nevertheless, Defendants request a ruling that Plaintiffs be prohibited from introducing evidence or argument regarding the OCC investigation of this case or regarding any OCC complaint against Defendants from unrelated incidents. Such evidence, including any related argument, should be excluded as irrelevant, unduly confusing to the jury, and because it is evidence of a subsequent remedial measure. Fed. R. Evid. 402, 403, 407. Plaintiffs should be barred from making any reference to the OCC process, including without limitation the investigation by OCC of the complaints or the results of the investigation.[2]

The Ninth Circuit has held that investigation into police actions, and measures taken in reaction to such investigation, are properly excluded as subsequent remedial measures. *See Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986); *Segura v. City of Reno,* 116 F.R.D. 42, 44 (D.Nev.

---

[2] Plaintiffs and Defendants made statements to the OCC, which can be used to refresh recollection, to impeach or rehabilitate, or as party admissions. However, beyond these uses, no arguments should be made as to any investigation or outcome of investigation by OCC.

1987). Here, the OCC investigation and findings are properly excluded as subsequent remedial measures.

Other OCC complaints against the officers (to the extent any exist) are irrelevant and highly prejudicial. They would simply be unproven allegations and improper character evidence having no bearing on whether the allegations made by Plaintiff in this case are true.

For the foregoing reasons, Defendants request that the Court prohibit Plaintiffs from presenting evidence or argument regarding the OCC investigation of this case and regarding any unrelated OCC complaint against Defendants.

### B. The Court Should Exclude Evidence of Unrelated Incidents or Disciplinary Actions Against the Officers.

Defendants have not produced information regarding unrelated incidents involving the Defendant officers or discipline. However, to the extent Plaintiffs have such information, Plaintiffs should be precluded from presenting any evidence regarding Defendants' actions in unrelated incidents or past allegations of misconduct against the Defendant officers or other officers present, because such evidence is inadmissible character evidence and is also unduly prejudicial. For example, Plaintiffs could attempt to question Defendants regarding information gleaned from publicly available police incident reports.

Evidence or speculation about disciplinary actions taken against the Defendant officers should be excluded because it is prejudicial character evidence and would violate the defendant officers' right to privacy. Moreover, because Plaintiffs do not have a *Monell* claim, this evidence is not relevant to any issue in the case.

### C. Evidence Of Other Unrelated But Well-Known Incidents Of Alleged Police Misconduct Should Also Be Excluded.

Plaintiffs may attempt to present testimony or argument about other, unrelated but well-known incidents of alleged police misconduct in an effort to inflame the jury. Plaintiffs may reference other local events involving the police which place police officers in a negative light, such as the Oscar Grant shooting. Plaintiffs' counsel may also attempt to argue that police officers generally (not the officers at issue in this case) are known to lie for one another (i.e. a "Thin Blue Line" argument).

Such testimony or argument is clearly improper and inadmissible as it is both not relevant to any disputed fact in this case and highly prejudicial to Defendants. Defendants therefore respectfully request that the Court prohibit Plaintiffs, counsel, and Plaintiffs' witnesses from making any reference whatsoever to unrelated but well-known incidents of alleged police misconduct or argue that police officers are predisposed to lie for one another.

**VI. MOTION IN LIMINE NO. 6 TO EXCLUDE (1) EXPERT TESTIMONY IN SUPPORT OF PLAINTIFF'S CASE, (2) LAY TESTIMONY REGARDING ANY PRESENT COMPLAINT OF PAIN RELATING TO THE ALLEGED INJURIES, (3) MEDICAL RECORDS, AND (4) ANY CLAIM FOR SPECIAL DAMAGES.**

Defendants move for an order precluding Plaintiffs from offering any expert testimony at trial based on Plaintiff's failure to disclose any experts as required by Federal Rule of Civil Procedure 26 and this Court's scheduling order. Plaintiffs cannot call any witness to offer expert opinion. Plaintiffs should also be precluded from offering any evidence of present complaints of injury as a result of this incident, because they have no expert to offer a causal link between the incident four years ago and their present complaint of injury. Plaintiffs should also be precluded from offering their medical records, because they have disclosed no witness to authenticate such records and no expert witness to provide opinion about their contents. Finally, Plaintiffs should be precluded from seeking special damages based on the cost of medical treatment, because they cannot establish the reasonableness of the treatment, the cost of that treatment, or that any future treatment is foreseeable without expert opinion.

**A. Background**

Plaintiff Malik Britt was struck by a baton. He alleges that he was struck on his back, his stomach, and his wrist. He also alleges that he was punched in the jaw. Britt went to Kaiser Hospital on the date of the injury. He was prescribed ice and over-the-counter painkillers. (Declaration of Bradley Russi Exh. A (Britt Deposition) 131:24-132:4, 133:15-17). He testified that he went to Kaiser a week later and then never sought further follow-up treatment. (Britt Dep. 132:5-10, 134:3-6). He claims that he continues to suffer pain in his back as a result of the incident. (Britt Dep. 155:9-19).

Plaintiff Rashad Conley was struck with a baton during the incident. He went to San Francisco General Hospital on the date of the incident. He testified that he received an x-ray, never received any

treatment, and does not know of a diagnosis. (Russi Decl. Exh. B (Rashad Conley Deposition) 95:2-96:21, 104:16-17, 107:7-11). Nevertheless, he testified that he continues to "catch sharp pains every now and then." (*Id.* 104:18-20).

All Plaintiffs claimed in their interrogatory responses that they suffered severe emotional distress, extreme emotional distress, or "for mental and emotional distress over and above that usually associated with the physical injuries claimed." At deposition, all Plaintiffs testified that they have never sought psychological treatment.

Pursuant to the Court's Case Management and Pretrial Order, the last date for designation of expert testimony and disclosure of expert reports under FRCP 26(a)(2) was October 30, 2012. As required by the Court's Case Management Order, Defendants served their expert disclosures and reports and identified retained experts in police practices and psychology. Plaintiffs did not disclose a single retained or non-retained expert.

### B. The Court Should Exclude Any Expert Testimony In Support of Plaintiffs' Case.

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs were required to disclose each expert who would be called to provide opinion evidence at trial under Federal Rules of Evidence 702, 703, or 705. It is undisputed that Plaintiffs failed to disclose experts of any kind.

Plaintiffs did not designate a medical expert or any other expert by the expert discovery deadline. Accordingly Plaintiffs should now be prohibited from calling any experts to testify about any matter that is within the exclusive scope of expert testimony. Plaintiffs themselves and any percipient witnesses should also be prohibited from testifying as experts because they were not disclosed as such. For example, Jesse Byrd, a former police officer, should be prohibited from offering any opinion regarding police practices. Plaintiffs disclosed no expert on this issue.

### C. Plaintiffs May Not Elicit Testimony on Diagnosis, Causation, and Prognosis of Any Injuries Because They Failed to Disclose Any Experts.

As lay witnesses, Britt and Rashad Conley (or any other witness on Plaintiffs' witness list) cannot testify that any alleged physical symptoms beyond those they experienced immediately after the incident were caused by Defendants' conduct. Similarly, Plaintiffs cannot testify that they have a psychological diagnosis as a result of this incident.

Applying California law, the Ninth Circuit has held that it is "well settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony." *Kennedy v. Southern California Edison Co.*, 268 F.3d 763, 767-68 (9th Cir. 2001) (quoting *Jones v. Ortho Pharm. Corp.*, 163 Cal.App.3d 396 (1985). Courts applying federal law have reached the same conclusion. *See Clear v. Burlington Northern R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (holding that plaintiff failed to prove medical causation because "if drawing a particular conclusion requires specialized knowledge, expert testimony is required").

Here, Britt has maintained that he suffered a back injury as a result of the incident at issue. He went to the hospital on the day of the incident, but never sought any subsequent treatment. No expert has examined this issue. Britt claims he continues to suffer back pain.

Britt has not provided expert testimony to support the conclusion that there is a reasonable medical probability that his back pain today is attributable to the incident four years ago. Britt should be precluded from providing testimony regarding the diagnosis, symptoms, causation and treatment of his back, because no expert can opine on whether his present pain complaints have any relation to an alleged injury that occurred years ago.

Similarly, to the extent Rashad Conley attempts to offer any evidence that he has ongoing problems associated with his ribs, he should be precluded from testifying or offering any evidence of this.

Finally, Plaintiffs cannot testify to any psychological diagnosis, because they failed to disclose an expert who can provide such diagnosis with reasonably medical probability.

### D. Plaintiffs Medical Records Should Be Excluded.

Plaintiffs have identified "medical records" on their exhibit list. They have not identified any witness who can authenticate these records nor have they identified any of the treating physicians as witnesses. Plaintiffs themselves did not create these records.

Because Plaintiffs are unable to authenticate these records, they should be excluded under Rule 901. Moreover, any medical records are simply hearsay documents that contain hearsay statements. There is no exception to the hearsay rule that would permit admission of these records. Fed. R. Evid. 801. Therefore, Plaintiffs should be precluded from offering their medical records.

**E. The Court Should Limit Plaintiffs' Damages Claims to General Damages From the Day of the Incident.**

Because Plaintiffs can offer no admissible evidence regarding the diagnosis, cost, or reasonable treatment for their alleged injuries, they should be precluded from seeking any special damages for medical treatment. Plaintiffs' damages claim should be limited to general damages.

Dated: February 8, 2013

                     DENNIS J. HERRERA
                     City Attorney
                     CHERYL ADAMS
                     Chief Trial Attorney
                     BRADLEY A. RUSSI
                     JAMES F. HANNAWALT
                     Deputy City Attorneys

          By: */s/ Bradley A. Russi*
               BRADLEY A. RUSSI

               Attorneys for Defendant
               CITY AND COUNTY OF SAN FRANCISCO